# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

CAVAYAH HANCOCK (#00951), et al., )
)
    Plaintiffs, )
)
v. )    No. 1:15-cv-00055
)    Senior Judge Haynes
BUCKY ROWLAND, et al., )
)
    Defendants. )

## MEMORANDUM

Plaintiffs Cavayah Hancock, Steven Ralston and Justice Buchanan, in the Maury County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Bucky Rowland and Debra Wagonshutz.

According to their complaint, the Defendant Sheriff Rowland has imposed a policy banning all print media from the Maury County Jail, and has deprived Plaintiffs of any access to television or radio. Plaintiffs allege that this media ban is punitive and without legitimate reason. Plaintiffs also allege that conditions in the jail are unsafe and unsanitary, including wet, dirty floors; showers only cleaned once a week; rusty, dirty pie flaps through which food is passed; medications delivered by guards rather than medical personnel; infestation of spiders, rodents, lizards, insects and an occasional bird; cracked food trays; and food tasting of dishwater or soap. Plaintiffs allege that these conditions could cause harm to inmates who might slip and fall or contract food poisoning or other illnesses.

Plaintiffs allege that they are allowed one hour per day of recreation time to exercise, shower or talk on the phone. Plaintiff allege that when inmates have a visitor – either personal or legal – during recreation time, they are not allowed extra recreation time to compensate for the

time spent in visitation. Under this rule, inmates who are out to court during the recreation hour are allowed 30 minutes of recreation time at the end of the day to make up for the time they missed.

Finally, Plaintiffs allege that the jail disciplinary board does not provide inmates with assistance preparing for a disciplinary hearing, a written statement of the reasons for conviction or a fair and impartial decision-maker. Plaintiff allege that Plaintiff Ralston has personally been subjected to a disciplinary conviction without due process, resulting in his placement in lockdown for 72 hours, with loss of sentence credits, phone and visitation privileges.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e©. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©.

The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

To state a § 1983 claim, a plaintiff must allege plausible facts of deprivation of rights secured by the Constitution and laws of the United States that was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

"[I]mprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment." *Beard v. Banks*, 548 U.S. 521, 528 (2006) (quoting *Turner v. Safley*, 482 U.S. 78, 93 (1987)). A ban on all media in jail is permissible only if it is "reasonably related to legitimate penological interests" and "not an exaggerated response to such objectives." *Id.* (quoting *Turner*, 482 U.S. at 87). That determination depends on examination of four factors requiring factual development of this claim. *Id.* Accordingly, the Court concludes that process must issue on Plaintiffs' claim that all media are banned from the Maury County Jail. The only Defendants mentioned concerning the media ban are Defendants Rowland and Wagonshutz who are sued in their official and individual capacities and are described as responsible for enforcing the media ban as a matter of official policy. This claim is limited to these Defendants. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005).

As to Plaintiffs' claims about generally "unsafe" or "unsanitary" conditions in the jail, the Eighth Amendment protects against conditions of confinement that constitute serious health or safety threats,[1] but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and

---

[1] Because Plaintiffs Hancock and Buchanan are pretrial detainees rather than convicted inmates, their claims arise from the due process protections of the Fourteenth Amendment instead of the Eighth Amendment. As a practical matter, this distinction does not affect the court's analysis. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). The Supreme Court has recently held that pretrial detainees have a lower burden than convicted inmates in excessive force cases, *Kingsley v. Hendrickson*, No. 14-6368, slip op. at 6 (U.S. June 22, 2015), but that decision has not been held to apply to ordinary conditions of confinement cases.

services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), quoted in *Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam).

In the context of conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Here, Plaintiffs allege various unpleasant conditions "could cause a number of things to happen to inmates," but do not allege that any of Plaintiffs has actually suffered any injury or illness in connection with the alleged conditions. In the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). In addition, under the PLRA, Congress limited prisoner actions to require a "physical" injury to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not

be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiffs have not alleged that they suffered any injury that satisfies the PLRA's threshold. *See Starnes v. Green Cnty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 WL 2165368, at *3 (E.D.Tenn. May 26, 2010) (plaintiff's complaint that he "felt sick" for two days was, at most, a *de minimis* injury that was insufficient to support an Eighth Amendment claim (citing *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010)); *Moore v. Simmons*, No. 5:06-CT3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (no constitutional violation where plaintiff did not state that the complained-of conditions, including stagnant toilets and inmates throwing feces daily, "caused him serious or significant physical injury" despite the plaintiff's claim that the conditions caused "sore throat-high grade fever"). Even if the Court assumes that the conditions as alleged by the plaintiff here caused an increased risk of disease and physical ailments, such risk has not been alleged to have resulted in actual physical harm. *Cf. Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir.1996) (no Eighth Amendment violation based on allegations that prisoner was exposed for four days to raw sewage from an overflowed toilet in his cell); *Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009) ("[W]hile the plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases and assaults, they do not themselves establish that, as a result of allegedly unconstitutional prison conditions, they have been injured."). Accordingly, the Court concludes that Plaintiffs' complaints about their general conditions of confinement should be dismissed for failure to state a claim.

Plaintiffs have a right to outdoor recreation. *Rogers v. Jabe*, 43 F.3d 1082, 1088 (6th Cir. 1995). *Rogers* suggest five (5) hours a week of outdoor recreation of five (5) hours per week. Plaintiffs' allegations are that they receive seven (7) hours of recreation. There are not any factual allegations here from which the Court can infer that reduced recreation offends *Rogers* or is to retaliate or otherwise chill inmates' right to access the courts. In the prison context, protected liberty interests are limited to freedom from conditions that "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The occasional loss of recreation time to accommodate visitation does not rise to that level.

Plaintiffs' claims about allegedly unfair disciplinary proceedings at the jail do not state a claim for relief. Plaintiff Ralston's 72 days in lockdown and temporary loss of privileges do not amount to "significant or atypical hardship" and therefore do not support a due process claim. Plaintiff Ralston's loss of sentence credits, although it would otherwise give rise to a due process claim, is not cognizable under § 1983 until he has successfully overturned his disciplinary conviction in state proceedings or through federal habeas review after exhaustion of state remedies. *Smith v. Corrections Corp. of America*, 5 F. App'x 443, 444–45 (6th Cir. 2001) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

For these reasons, the Court concludes that Plaintiffs' complaint states colorable claims that the Maury County Jail's ban on all print media violates Plaintiffs' First Amendment rights. Process shall issue against Defendants Rowland and Wagonschutz on that claim. The Court concludes that Plaintiffs' other claims are insufficient to state a claim for relief under *Sandin v.*

*Conner*, 515 U.S. 472 (1995) or are barred by *Edwards v. Balisok*, 520 U.S. 641 (1997).

An appropriate Order is filed herewith.

**ENTERED** this the 16th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge