UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| CAVAYAH HANCOCK, | ) | |
|---|---|---|
| STEVEN RALSTON, and | ) | |
| JUSTICE BUCHANAN, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:15-cv-0055 |
| | ) | Senior Judge Haynes |
| v. | ) | Magistrate Judge Bryant |
| | ) | **Jury Demand** |
| BUCKY ROWLAND and | ) | |
| DEBRA WAGONSCHUTZ, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable William J. Haynes, Jr., Senior United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendants' motion to dismiss Plaintiff Ralston's complaint for failure to prosecute. (Docket Entry 34). For the following reasons, the Magistrate Judge **RECOMMENDS** that the Defendants' motion to dismiss for lack of prosecution (Docket Entry 34) be **GRANTED**, that Plaintiff Ralston's claims against Defendants Rowland and Wagonschutz be **DISMISSED WITH PREJUDICE**, and that any appeal of the dismissal **NOT BE CERTIFIED** as taken in good faith.

### I. STATEMENT OF THE CASE

While confined in the Maury County Jail, the Plaintiffs filed this action *pro se* and *in forma pauperis* in June 2015. (Docket Entry 1). Upon initial review, the District Judge dismissed all but one claim and instructed that process be issued to Defendants Rowland and Wagonschutz. (Docket Entry 9). The District Judge cautioned the Plaintiffs that the suit may be dismissed for failure to prosecute if the Plaintiffs do not keep the Clerk's Office informed of their current addresses. (Docket Entry 9, p. 4).

1

Beginning in September 2015, mail addressed to Plaintiff Ralston was returned to the Court as undeliverable because Plaintiff Ralston was no longer incarcerated at the Maury County Jail. (Docket Entries 25, 26, 32, 33, and 43). On September 29, 2015, the Defendants moved to dismiss Plaintiff Ralston's complaint for failure to prosecute. (Docket Entry 34).

The Magistrate Judge entered an order to show cause on February 17, 2016, ordering Plaintiff Ralston to explain by March 4, 2016 why his complaint should not be dismissed for failure to prosecute and failing to keep his current address on file with the Clerk. (Docket Entry 37). The Magistrate Judge warned the Plaintiff that his failure to respond to the order to show cause may result in the Magistrate Judge recommending that his complaint be dismissed. (Docket Entry 37). As of the date of this Report and Recommendation ("R&R"), Plaintiff Ralston has not responded to the order to show cause or otherwise updated his address with the Clerk.[1]

## II. LEGAL STANDARD

While it is preferred to resolve claims on their merits, the Court must also consider "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted); *see also Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013). The Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Prior to exercising the option to dismiss a case for failure to prosecute under Rule 41(b), the following factors are considered:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

---
[1] Pursuant to Local Rule 7.01(b), "[f]ailure to file a timely response shall indicate that there is no opposition to the motion."

> dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted).

Dismissal of a suit is also an available sanction for a party's failure to comply with a pretrial order. Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (explaining that the Court may dismiss a suit in whole or in part for a party's failure to comply with a discovery order).

### III. ANALYSIS

Plaintiff Ralston's claims should be dismissed under Rule 41(b) and Rule 16(f)(1) for failure to comply with the Court's directive that the Plaintiff keep a current address on file with the Clerk. The Plaintiff's failure to do so is a clear violation of the District Judge's order (Docket Entry 9, p. 4). In making this recommendation, the undersigned has considered the four factors used to determine whether dismissal is an appropriate sanction. The first factor is satisfied if the party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737. The Plaintiff has neglected to update his mailing address with the Court despite the District Judge's initial warning. Failure to comply with the Court's clear directive suffices to meet the first factor. Next, without updated contact information, the Court and the parties are unable to communicate with Plaintiff Ralston to move this case forward. The Defendants state that they are unable to defend against the Plaintiff's claims, seeing as they have no way to engage the Plaintiff in discovery. (Docket Entry 35, p. 4). This certainly constitutes prejudice. As to the third factor, the Plaintiff was warned that failure to maintain a correct mailing address may result in the dismissal of his suit. Though it appears that the February 2016 order to show cause was returned as undeliverable (Docket Entry

3

43), the Plaintiff did receive this admonition in the District Judge's July 2015 order (Docket Entry 9, p. 4). Upon consideration of lesser sanctions available, the undersigned will recommend dismissal with prejudice. Over eight months have gone by since the Plaintiff's change of address, and not once has the Plaintiff attempted to pursue his claims. *See Williams v. Blanchard*, No. CIV. 3:12-0932, 2014 WL 3672105, at *1-2 (M.D. Tenn. July 23, 2014) (adopting recommendation that the plaintiff's suit be dismissed with prejudice where the plaintiff's location was unknown and the plaintiff had failed to pursue his claims after being released from incarceration).

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Defendants' motion to dismiss for lack of prosecution (Docket Entry 34) be **GRANTED**, that Plaintiff Ralston's claims against Defendants Rowland and Wagonschutz be **DISMISSED WITH PREJUDICE**, and that any appeal of the dismissal **NOT BE CERTIFIED** as taken in good faith.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 16th day of June, 2016.

/s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge